*Trippe, Judge.
Reuben Johnson (the plaintiff in error) and John Day, were jointly indicted for simple larceny, the act charged being the stealing of a horse. Plaintiff in error was put on his separate trial. The facts proven on the trial were as follows: A witness, who was at the house of the person who owned the horse alleged to have lieen stolen, on the night the offense is charged to have been committed, heard a noise at the stable, and went to see what it was. Before he reached the stable a shot was fired from the lane. Witness saw a person run as soon as he fired, but could not see who it was, or whether he was white or black. Witness called another man who was living on the place, who came and went to the lot, and met the horse returning to the stable; got a light, found the-lock broken on the stable door, and a window *242 broken open in the harness house, some five or six rods from the stable. Some tracks were found near the stable, one of which corresponded with the shoes worn by the prisoner, and some articles which were taken from the harness house were found at prisoner’s house, where John Day also lived.
John Day, the co-defendant in the indictment, was introduced by the State, who swore that when he was arrested he was “scared,” and told Mr. Brantly (the owner of the horse,) that he and the prisoner were at his place for tire purpose of getting the horse, but they were not there; that he told -Mr. Brantly they were after the horse, and that prisoner broke the stable and took the horse out. He further stated that he did not remember what he told Mr. Brantly, as he was “scared,” and that he and prisoner were not at Mr. Brantly’s place.
It does not appear positively that these confessions of Day, as contained in his evidence, were made in the presence of prisoner. But as one of the grounds in the motion of a new trial was founded on the admission of these confessions, against the objection of prisoner, and a note to said ground states that the confessions of the witness Day were not admitted except they were made in the presence of the prisoner, we ^presume it was in evidence that they were made in prisoner’s presence. No other witness testifies to Day’s confessions, nor does the record show what the prisoner said or did when they were made, nor indeed anything about the prisoner in connection with said confessions, except as they refer to him.
The jury found the prisoner guilty. A motion for a new trial was made on three grounds, two of which seem to be stricken, so far as we can determine, leaving only one ground, to-wit: “That the verdict is contrary to law and contrary to the evidence, and decidedly and strongly against the weight of the evidence.” The Court overruled the motion for a new trial, and error is assigned on the refusal to grant a new trial.
The real question to be determ'"“d is, was there sufficient proof of the corpus delicti — that the horse was stolen? It appears that the stable was broken open, but it was not proven that the horse was in the stable at the time it was so broken, or that he had been locked up or put in it that night. It was in proof that when the pistol or gun was fired the horse ran towards the stable, but not from what direction, whether from where the parties making the noise were, or from the opposite direction. -It was not shown that a halter, or bridle, or anything was on the horse, indicating that he was being led or rode off. It is quite apparent from the testimony that certain articles were taken from the harness house that night, and strong grounds given to believe that the prisoner was there as a thief, and did get some of those articles, for in addition to the tracks which were discovered next day, some of those articles were found in his housé. But does not the fact that the thief took off “bridle-reins,” etc., suggest that he could have still more easily taken off the horse?”
As to Day’s testimony, he states under oath when introduced *243 by the State, that he admitted his and prisoner’s guilt to Mr. Brantly, the owner of the horse. Neither he nor any witness says this was done in presence of prisoner, or of it was, how prisoner was affected by it — what he said or did. Day, under oath, as a witness for the State, denied the truth of the confession.
As confessions of an accomplice, or joint *offender, they were not admissible, and proved nothing against the prisoner, for they were made “after the enterprise was ended.” If they were intended as quasi confessions of prisoner, by showing that he, by his silence .or some act of his, acquiesced in or admitted their truth, then all that should have been proven. As this portion of the evidence appears from the record, it amounts to nothing against the prisoner. We make no point on the fact that the witness, Day, denied on the stand the truth o'f these confessions. Taking the whole of the testimony together we do not think it sufficiently establishes the fact that the horse was stolen to authorize the verdict of guilty. This being so, a new trial should have been granted.
Judgment reversed.